UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

2019 Toyota Rav4
VIN: JTMF1RFV8KJ014093,
2020 Chevrolet G3500 Express Van
VIN: 1GAZGPFG8L1240629,
2021 Honda Odyssey minivan
VIN: 5FNRL6H51MB039933,
$2,811.00 seized from 5600 Celestial, Shelby Township,
$11,604.00 seized from 2726 Ardmore, Royal Oak.

        Defendants *in rem*.

Case No. 25-13592
Honorable:
Mag. Judge:

## Complaint for Forfeiture

Plaintiff, the United States of America, by and through Jerome F. Gorgon, Jr., United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action under 8 U.S.C. § 1324(b)(1) related to a violation or violations of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (iii), (iv).

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendants *in rem* were found and seized in the Eastern District of Michigan.

### Defendants in rem

6. The Defendants *in rem* consist of a 2019 Toyota Rav4 VIN: JTMF1RFV8KJ014093, 2020 Chevrolet G3500 Express Van VIN: 1GAZGPFG8L1240629, 2021 Honda Odyssey minivan VIN: 5FNRL6H51MB039933, $2,811.00 seized from 5600 Celestial, Shelby Township, Michigan, and $11,604.00 seized from 2726 Ardmore, Royal Oak, Michigan.

7. Members of the Federal Bureau of Investigation ("FBI") seized the

Defendants *in rem* in Royal Oak, Troy, and Shelby Township Michigan on May 1, 2025.

8. The 2019 Toyota Rav4 VIN: JTMF1RFV8KJ014093, 2020 Chevrolet G3500 Express Van VIN: 1GAZGPFG8L1240629, and 2021 Honda Odyssey minivan VIN: 5FNRL6H51MB039933 are currently in the custody of the United States Marshal's Service (USMS).

9. The $2,811.00 seized from 5600 Celestial, Shelby Township, Michigan, and $11,604.00 seized from 2726 Ardmore, Royal Oak, Michigan are currently in the custody of the FBI and will be transferred into the custody of the USMS.

## Underlying Criminal Statutes

10. Under 8 U.S.C. § 1324(a)(1)(A), any person who engages in the following conduct shall be punished under 8 U.S.C. § 1324(a)(1)(B)—

(ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;

(iii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals,

harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation;

(iv) encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law.

## Statutory Basis for Civil Forfeiture

11. Title 8 U.S.C. § 1324(b)(1) authorizes the civil forfeiture of the following:

> any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of [bringing in and harboring certain aliens] subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

## Factual Basis in Support of Forfeiture

12. The Defendants *in rem* were used in the commission of violations of 8 U.S.C. §§ 1324(a)(1)(A) and are therefore subject to federal forfeiture pursuant to 8 U.S.C. § 1324(b)(1). Evidence supporting forfeiture includes, but is not limited to, the following:

    a. Yong NI ("NI") owns Kyoto Japanese Steakhouse, a restaurant chain with two locations in Shelby Township and Royal Oak, Michigan.

4

    b.    NI purchased the 2020 Chevrolet Express G3500 Van, VIN 1GAZGPFG8L1240629 and it is titled to Kyoto Royal Oak, Inc.

    c.    The 2019 Toyota Rav4, VIN JTMF1RFV8KJ014093 is registered to NI.

    d.    NI purchased the 2021 Honda Odyssey, VIN 5FNRL6H51MB039933 and registered the vehicle to Kyoto Shelby Inc.

    e.    Agents first encountered NI in May 2024 after executing a search warrant on a single-family residence that he owned in Shelby Township, Michigan.

    f.    During the search, law enforcement encountered twelve individuals, all of whom admitted that they lived at the home. Of the twelve, four were in immigration proceedings, and six were illegally present in the United States.

    g.    Law enforcement also observed substandard living conditions and numerous areas constructed into smaller living areas for the eleven residents.

    h.    Law enforcement warned NI that his employees did not have lawful immigration status or work authorization.

    i.    In February 2025, law enforcement reopened its investigation into NI's businesses.

j.   During surveillance at NI's restaurant in Shelby Township, law enforcement observed multiple restaurant workers, including at least one individual known to be illegally in the United States, being transported to and from Kyoto Japanese Steakhouse in the 2020 Chevrolet G3500 Express Van and the 2019 Toyota Rav4 from single-family homes located nearby.

k.   Law enforcement routinely observed a black Toyota Rav4 with a Michigan license plate drop off multiple occupants at the Shelby Township restaurant in the morning around 10:30AM. Law enforcement saw these individuals enter the restaurant through a side door and observed these individuals leaving the restaurant in the evening around 10:30PM.

l.   In the group of individuals observed in Shelby Township, law enforcement identified two of the same individuals who were previously arrested after the May 2024 search.

m.   Law enforcement also observed a 2021 Honda Odyssey minivan transport approximately four or five individuals from a residence owned by NI in Royal Oak, Michigan, to Kyoto Japanese Steakhouse in Royal Oak, Michigan around the same time in the morning and transport the same individuals back to the Royal Oak residence at night.

n.  During surveillance at the Kyoto Japanese Steakhouse in Royal Oak, five individuals without work authorization were identified working for NI. Three of these individuals also live in a home nearby that NI owns.

o.  In March 2025, HSI served NI with a Notice of Inspection at the Kyoto Japanese Steakhouse in Royal Oak and requested a list of all employees, their identification documents, and Form I-9, Employment Eligibility Verification.

p.  HSI identified many of the same individuals who were living at the targeted residences during surveillance in February 2025.

q.  All individuals had fraudulently obtained Form I-551s (Lawful Permanent Resident cards) and U.S. social security numbers for proof of identity and work authorization.

r.  On May 1, 2025, law enforcement executed search warrants at the residences located at 5600 Celestial, Shelby Township, Michigan, and 2726 Ardmore, Royal Oak, Michigan resulting in the arrest of twelve foreign nationals illegally present in the United States. All the arrested foreign nationals were confirmed as residents of these locations and employees of the Kyoto Japanese Steakhouses.

s.  Law enforcement walked through the residences and observed similar substandard living conditions as observed in NI's other residence in

2024. Law enforcement observed numerous areas constructed into smaller living areas to accommodate more people than intended for a home of that size, with limited furniture.

t.   After advising the subjects of their *Miranda* rights, investigators conducted interviews of the arrestees. During the interviews investigators learned that NI, is known to the employees as "Yong", which is NI's first name. NI is the owner of two Kyoto Japanese Steakhouse locations and is responsible for hiring, firing, and employee payroll.

u.   NI arranges for the employees to stay at one of his residences, which he and employees refer to as "dorms." The employees are given a space at one of the residences while they are working at one of NI's Kyoto Steakhouse locations. Employees advised that NI allows workers to live rent-free at his residences as long as they are working at his restaurants.

v.   NI provides some employees transportation to and from the Kyoto Steakhouses. The transportation is arranged by NI, and the drivers are close friends or family members of NI.

w.   Some employees advised that they heard about open positions at the Kyoto Steakhouses through friends and relatives. When a position opened, their friend or family member would speak to NI, and he would

advise them to come to the restaurant. In some instances, NI would conduct an in-person interview, and the individual would begin working.

x. The illegal alien employees were never instructed to fill out an application or employment forms prior to working at the restaurant.

## Claim for Relief

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 12.

14. The Defendants *in rem* are forfeitable to the United States of America under 8 U.S.C. § 1324(b)(1) because they were used in the commission of violations of 8 U.S.C. §§ 1324(a)(1)(A).

## Conclusion and Relief

Plaintiff respectfully requests that this Court issue warrants for arrest of the Defendants *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further

relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226- 9125
Adriana.Dydell@usdoj.gov

Dated: November 12, 2025

## **VERIFICATION**

I, John P. Bolos, state that I am a Task Force Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

*[signature]*

John P. Bolos, FBI TFA

Dated:  November 12, 2025